## El Pueblo *v.* Arrieta.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 7.—Resuelto en abril 27, 1904.

Rentas—Reglamento Dictado Por el Tesorero.—Los reglamentos dictados por el Tesorero de Puerto Rico, de acuerdo con la Ley de Rentas, tienen fuerza de ley, y los que infrinjan sus disposiciones cometen el delito previsto y castigado en el artículo 396 del Código Penal.

Agentes de Rentas Internas—Facultades para Entrar en los Establecimientos.—Los agentes de rentas internas tienen facultades, según los reglamentos expedidos por el Tesorero de Puerto Rico con arreglo a la ley, para entrar en las fábricas y locales adjuntos a las mismas, y examinar en todo tiempo los libros y las mercancías.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José C. Ramos.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

El Juez Asociado Sr. Figueras, emitió la siguiente opinión del tribunal:

Este proceso se ha seguido por una acusación debidamente jurada por el Fiscal del Distrito de Arecibo, en 16 de diciembre último, fundada en el artículo 396 del Código Penal, y que literalmente dice así:

"En el pueblo de Camuy el citado Pedro Arrieta Dorregaray, tiene prestada fianza para la elaboración de ron. En 25 de noviembre de 1903, fué visitada su destilería por los agentes de rentas, apareciendo de sus libros que sólo tenía una existencia de tres galones, habiendo encontrado en la destilería dos envases conteniendo 130 galones de ron, poco más o menos, cuyo ron había sido elaborado en la destilería durante los días anteriores y voluntaria y (*) maliciosa-

mente no se le había dado entrada en los libros de la destilería. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico. Ricardo La Costa, Fiscal del distrito.''

Con esta acusación se celebró el juicio el dos de febrero último en el que declararon Charles Beatly y Ralph C. Seddon, investigador y agente de rentas internas, y seguramente se tuvo en cuenta lo que arrojaban los libros recogidos a Arrieta, que fueron presentados al juez de paz de Lares, al declarar los referidos funcionarios. El acusado declaró en su defensa y el tribunal de Arecibo, en el mismo día, y por unanimidad, declaró culpable a dicho Arrieta del delito contra el Erario Público, que le imputó el Fiscal, y le condenó al pago de una multa de $100, o en su defecto a sufrir un día de cárcel en la de San Juan por cada $2 que dejare de satisfacer, y al pago de las costas. No tuvo el acusado (en el inferior) abogado que le defendiese ni existe pliego de excepciones. En 15 de febrero se presentó escrito limitado exclusivamente a interponer recurso de apelación, sin alegación alguna. El recurso se admitió y el acusado se personó como apelante en esta superioridad por medio del Letrado Don José C. Ramos. Transcurrió sin fruto el término de la citación y del requerimiento sobre la consignación del depósito para las costas. El Fiscal impugnó el recurso y solicitó que se impusieran las costas al recurrente.

Citado ya el Fiscal para la vista del 12 de marzo último, se consignó el aludido depósito y en el estado de autos se tuvo por parte a Pedro Arrieta y Dorregaray, representado por el referido Letrado Don José C. Ramos. Por motivos de enfermedad pidió éste la suspensión, pero se denegó tal solicitud por no ajustarse la certificación facultativa a lo dispuesto en el artículo 27 del reglamento de este tribunal. El proceso ha venido a la consideración de esta Corte Suprema en virtud (*) de un simple escrito de apelación en el que no se alega razón alguna en contra de la sentencia recurrida. Pero estudiando

la cuestión, es indiscutible que el Tesorero de Puerto Rico, en virtud de las facultades que le concede la sección 358 del Código Político, dictó los "reglamentos bajo el capítulo 2, del título 9, de dicho código relativos al pago de impuesto de arbitrios, tarifas A, B y C." En esos reglamentos se señala a los contribuyentes la forma como deben llevar sus libros titulados "Registros de Entradas y Salidas" y "Libro de Facturas." Esos reglamentos tienen fuerza de ley y por tal razón Don Pedro Arrieta y Dorregaray estaba obligado a cumplir con todas y cada una de sus prescripciones. Pues bien, en el "Registro de Entradas y Salidas" se le impone la obligación de anotar al fin de cada día las entradas mostrando a un lado la cantidad de artículos que pagan el impuesto interior, el número y clase de envases en que han sido colocados, el valor de dichos artículos y la cantidad de sellos comprados, y designar el colector o subcolector que se los vendió, y deben anotar en el lado opuesto a las "Entradas," las "Salidas" en la forma y manera que en el reglamento se indica y así viene a ser este libro la expresión clara de lo fabricado y despachado. Pero el acusado dejó de anotar en el libro una cantidad de ron elaborado en días anteriores, cuando su deber era anotar al fin de cada día la entrada, y como de ese modo dejó de cumplir una disposición de la Ley de Rentas, como es el reglamento de que se ha hecho mérito, claro es que ha cometido el delito a que se refiere el artículo 396 del Código Penal, porque sólo cumpliendo con todas y cada una de aquellas reglas, es como puede obtenerse un sistema contributivo que evite toda clase de ocultaciones y fraudes. Y nada puede objetarse en contra de los agentes que descubrieron esas infracciones, porque esos mismos reglamentos los autorizan a entrar en las fábricas y locales adjuntos, y pueden también, en todo tiempo, examinar las mercancías y los libros. Por todas esas (*) razones opinamos que debe confirmarse en todas sus partes la sentencia apelada que dictó la corte de

Arecibo en 2 de febrero último, con imposición de las costas de este recurso.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Sulzbacher y MacLeary.